THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Harry Johnson, Appellant.
 
 
 

Appeal From Bamberg County
 D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2010-UP-385
 Submitted June 1, 2010  Filed August 16,
2010    

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor
 James Strom Thurmond, Jr., of Aiken, for Respondent.
 
 
 

PER CURIAM:  Harry Johnson appeals his convictions for carjacking,
 kidnapping, possession of a weapon during the commission of a violent crime,
 and assault of a high and aggravated nature, and aggregate eighteen-year
 sentence.  He argues the trial court erred in admitting the victim's in-court
 identification because the out-of-court identification procedure was unreliable
 and created a substantial likelihood of misidentification.  While we note the
 out-of-court identification procedure was problematic and urge the State to
 exercise extreme caution during out-of-court identification procedures, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State v.
 Moore, 343 S.C. 282, 286, 540 S.E.2d 445, 447 (2000) (noting an in-court
 identification is inadmissible if a suggestive out-of-court identification procedure
 created a very substantial likelihood of irreparable misidentification); Id. at 287, 540 S.E.2d at 447 (stating when evaluating an out-of-court
 identification, the court must determine if the identification process was
 unduly suggestive and, if so, whether the out-of-court identification was so
 reliable that it posed no substantial likelihood of misidentification); Neil
 v. Biggers, 409 U.S. 188, 199-200 (1972) ("[T]he factors to be
 considered in evaluating the likelihood of misidentification include the
 opportunity of the witness to view the criminal at the time of the crime, the
 witness' degree of attention, the accuracy of the witness' prior description of
 the criminal, the level of certainty demonstrated by the witness at the
 confrontation, and the length of time between the crime and the confrontation.").
AFFIRMED.
KONDUROS, GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.